Charlotte DUKE

v.

Gordon DUKE.

No. 94–41–M.P.

Supreme Court of Rhode Island.

May 10, 1996.

Colleen Crudele, Steven N. Ortoleva, Providence, for Plaintiff.

Keven A. McKenna, Richard G. Riendeau, City of Providence, Providence, for Defendant.

## OPINION

WEISBERGER, Chief Justice.

This case comes to us on a petition for certiorari by the defendant, Gordon Duke, for review of a Family Court order requiring the Employees' Retirement System of the City of Providence to close out the defendant's pension fund for the purpose of satisfying his child-support obligations. For the reasons stated herein, we deny the defendant's petition and affirm the order of the Family Court with a minor modification. The facts insofar as pertinent to the defendant's petition are as follows.

In November 1982 Charlotte Duke (plaintiff) filed a petition for divorce from defendant, who had been employed as a firefighter with the city of Providence. The defendant filed a counterclaim for divorce in January 1984. In June 1984 both petitions were granted on the ground of irreconcilable differences. The present dispute is based on plaintiff's allegation that defendant has not paid child-support since March 1991. The defendant was found to be in willful contempt

of this requirement following a hearing in Family Court on March 6, 1992, for which defendant did not appear. The defendant also did not appear at a hearing on March 13, 1992, to determine his employment status. On April 2, 1992, the trial justice ordered that defendant's pension fund be attached and the balance deposited with the Family Court for overdue child-support payments. On January 5, 1994, a hearing was held on plaintiff's motion to adjudge defendant in contempt of the April 2, 1992 order. Following that hearing, an order was entered on January 10, 1994, wherein the Employees' Retirement System was ordered to close out defendant's pension, to distribute the amount due on March 12, 1992, plus interest and costs to plaintiff, and to deposit the remainder of the funds in the Family Court registry to be used for defendant's child-support arrearage since March 12, 1992. The defendant filed a petition for a writ of certiorari on January 28, 1994, seeking review of the January 10, 1994 order. The defendant also filed a motion for a stay of the order, as did the Employees' Retirement System. On February 21, 1994, this court granted the writ and continued the stay previously granted by the duty justice pending our decision in the case.

■ The defendant contends that under G.L.1956 § 9–26–5, the antiattachment statute for police officers' and firefighters' pensions, the Family Court has no authority to order removal of funds from his pension account for purposes of child support.[1] We do not agree.

■ The antiattachment statute does not preclude the Family Court from requiring payment for purposes of child support since the statute was designed to deal with creditors and not the families of employees. *See Moran v. Moran*, 612 A.2d 26, 33 (R.I.1992) (citing and quoting *Young v. Young*, 507 Pa. 40, 47, 488 A.2d 264, 267 (1985) (purpose of municipal pension antiattachment statute to protect funds from creditors for the benefit of employees and their families)). In *Stevenson v. Stevenson*, 511 A.2d 961, 965 (R.I. 1986), this court held that the provisions of § 9–26–5 could not operate to preclude a police officer's pension from being considered a marital asset for purposes of property division upon divorce. In that case we found that the pension was "analogous in form to a forced savings account" to which the employee and his family deferred compensation for the purpose of their future financial security and that it should therefore be considered marital property subject to division along with the employee's other assets. *Id.* We are of the opinion that the same rationale applies with respect to firefighters' pensions.

In the instant case defendant is obligated to apply his pension money to the support of his children. In so holding, we note that the antiattachment statute was not designed to prohibit the Family Court from ordering him to fulfill his obligation, nor would such an order constitute an assignment within the meaning of the statute.

■ The defendant next argues that Providence Ordinance § 17–193 (ordinance), which exempts municipal employees' benefits from attachment and assignment, should operate to prevent him from being required to relinquish his pension funds for child support.[2] We disagree. The ordinance is no impediment. Child support is a statewide

---

1. General Laws 1956 § 9–26–5 provides, in pertinent part:

   "No interest of any person in any pension fund or in any pension derivable therefrom, for the benefit of policemen or firemen, now or hereafter created or held by authority of law by any city or town, or by any public officer or officers or board of officers therein, to which fund such city or town contributes in any way, shall be subject to trustee process or liable to attachment on any writ, original, mesne, or judicial, or be taken on execution or any process, legal or equitable; and no assignment of any such interest shall be valid."

2. Section 17–193 of the Code of Ordinances of the City of Providence provides, in pertinent part:

   "**Exemption from taxation, assignment and execution.**
   [T]he right of a member or beneficiary to a pension, an annuity, a retirement allowance, to the return of contributions, any benefit or right accrued or accruing to any person under the provisions of this article, and the monies in the various funds created hereunder * * * shall not be assignable, subject to execution, garnishment, attachment, the operation of bankruptcy or insolvency law or any other similar process of law."

concern that a municipal ordinance may not impede or frustrate in its implementation.

We modify the order of the Family Court in order to avoid a direct attachment of the pension funds in the hands of the administrator of the Employees' Retirement System. The same purpose may be accomplished by an order directed to the defendant. We hold that the Family Court may order the defendant to assign funds to the plaintiff, Charlotte Duke. Thereafter, she may withdraw the funds. If the defendant declines to assign the funds to the plaintiff, the Family Court may appoint a special master, and the administrator of the fund may be required to honor an assignment of the defendant's pension funds when executed either by the defendant or by the special master. Pursuant to such assignment the plaintiff may withdraw said funds as authorized by an order of the Family Court.

For the reasons stated, the defendant's petition for certiorari is denied, the writ heretofore issued is quashed, and the order of the Family Court is affirmed. The papers in the case may be remanded to the Family Court with our decision endorsed thereon.